# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| TITUS CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No: 3:14-cv-01129 |
| vs. | ) | |
| | ) | |
| THE LANE CONSTRUCTION CORPORATION, | ) | Judge: Nixon/Knowles |
| | ) | |
| Defendant. | ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d), the following Initial Case Management Order will apply in this case.

**A.  JURISDICTION**

The Court has subject matter jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1331, and jurisdiction of those claims is not disputed.

**B.  PARTIES' THEORIES, CLAIMS AND DEFENSES**

**1.  Plaintiff's Theories and Claims.**

Plaintiff suffered harassment, racial discrimination and retaliation while employed by Defendant. Plaintiff's Caucasian supervisors and co-workers made racial slurs, threatened and harassed him on the job. After Plaintiff complained about this behavior, Defendant did not resolve Plaintiff's issues and the harassment continued to be an on-going occurrence. The day after Plaintiff reported another incident of threatening behavior towards him by one of his Caucasian supervisors, Defendant retaliated against him and terminated Plaintiff while not terminating the offending supervisor.

**2. Defendant's Theories and Defenses.**

Defendant denies Plaintiff's material allegations. Plaintiff was not subjected to racial harassment, discrimination or retaliation. Plaintiff was terminated for a legitimate non-discriminatory and non-retaliatory reason when, after he caused a motor vehicle accident at the worksite, he verbally assaulted and threatened a co-worker with bodily harm.

Many, if not all, of Plaintiff's claims are time-barred and exceed the scope of his underlying charge of discrimination.

**C. ISSUES RESOLVED AND ISSUES STILL IN DISPUTE**

Resolved Issues: Jurisdiction and Venue

Disputed Issues: Liability and Damages

**D. THE NEED FOR COUNTERCLAIMS, CROSS-CLAIMS, DEADLINE FOR MOTIONS TO AMEND**

The parties are presently unaware of any anticipated counterclaims or cross-claims. The deadline for filing motions to amend pleadings is 09/02/14.

**E. EXPERT INFORMATION**

Plaintiff shall disclose the expert information required by Fed. R. Civ. P. 26(a)(2) on or before 11/07/14. Defendant shall disclose the expert information required by Fed. R. Civ. P. 26(a)(2) on or before, 12/08/14.

**F. DISCOVERY DEADLINES**

Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) shall be made by 7/31/14. All discovery shall be completed by 2/06/15. All discovery motions shall be filed by 2/13/15.

**G. DEADLINE FOR DISPOSITIVE MOTIONS**

Dispositive motions shall be filed on or before 3/13/15. Any response shall be filed within 21 days after the motion is filed. Any reply shall be filed within 14 days after the response

is filed.

### H. TRIAL

This case is scheduled for trial on August 11, 2015. The trial is expected to last two days to three days. The pretrial conference is set for July 24, 2015, at 10:00 a.m.

It is so ORDERED.

This _____ day of July, 2014.

						_____
						E. CLIFTON KNOWLES
						UNITED STATES MAGISTRATE JUDGE

**APPROVED FOR ENTRY:**

s/Alan G. Crone_____
Alan G. Crone, TN Bar No. 014285
Laura Ann E. Bailey, TN Bar No. 27078
CRONE & MCEVOY, PLC
5583 Murray Rd., Suite 120
Memphis, TN 38119
(901) 737.7740 (voice)
(901) 737.7558 (fax)
acrone@thecmfirm.com (email)
lbailey@thecmfirm.com (email)
*Attorneys for Plaintiff*

and

s/William S. Rutchow_____
William S. Rutchow, TN Bar No. 017183
Jessica T. Patrick, TN Bar No. 028039
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446

*Attorneys for Defendant*